HARDY, Judge.
This is an action for personal injuries and property damages resulting from an automobile collision, and defendant appeals from judgment awarding plaintiff the sum of $3,500 in the nature of personal injuries and the additional sum of $935.15 for medical expenses and property damage.
The accident occurred at a “T” intersection entering the Dodson-Sikes Highway, in Winn Parish, from the north. At the time of the accident the eighty-five year old plaintiff, driving a 1949 Ford automobile westbound, in his proper lane of the highway, was preparing to make a right turn into the intersection when he was struck by a 1959 Chevrolet log truck and trailer owned by defendant, Johnson, with whom is joined his liability insurer as co-defendant. The only eye witnesses to the accident were the drivers of the respective vehicles, whose versions of the incident, as disclosed by their testimony, are in irreconcilable conflict.
*501 Plaintiff testified that he approached the intersection at an exceedingly slow rate of speed, and, as he was beginning or preparing to begin his turn to the right, the truck and trailer unit crashed into his car, causing the damage for which he seeks redress in this action. The testimony of Howard Roberts, driver of defendant’s vehicle, was that as he was driving his truck east on the highway at a speed of forty to forty-five miles per hour, after rounding a curve in the road and topping a hill, he observed the Pepper car on his side of the road approximately one hundred feet distant, whereupon he whipped his truck to the left and the collision occurred when Pepper “ * * * got his car in gear and he pulled out back on his side of the road enough for me to catch his right front fender.”
After careful consideration of the record, it is our opinion that the above version of the occurrence, as testified by defendant’s driver, is utterly and completely incredible. There is not the slightest direct evidence which would indicate that the Pepper car had ever, at any time, moved out of the north lane of the highway, which was its proper lane of travel. Additionally, the established physical circumstances completely discredit Roberts’ testimony, for the measured skidmarks laid down by the right dual rear wheels of his truck were one hundred three feet in length; the point of impact was within the apron of the turn-off and not forty feet east thereof; the truck proceeded in the ditch on the north side of the highway for an additional •distance of approximately ninety-one feet from the point of impact. Admittedly, the trailer was not equipped with brakes, and the evidence indicates that the brakes on the truck were not operating effectively.
We cannot find the slightest basis for any other conclusion than that the impact occurred entirely in the Pepper vehicle’s proper lane of travel. The controlling facts were succinctly stated by the trial judge in his written opinion as follows:
“Considering all of the evidence in the case the Court feels that without a question Mr. Pepper was not on the south side of the road as contended by Mr. Roberts and that Howard Roberts, the driver of the Johnson truck, was traveling at a very high rate of speed considering the conditions of the road, that he came over the hill without proper control of his truck and without adequate brakes and was unable to keep his vehicle in his proper lane of traffic, thereby causing the accident. If, as the Court has found, Mr. Pepper was not in the south lane of traffic, it follows that he is not guilty of any negligence whatsoever and that the accident was caused solely by the negligence of the Johnson truck.”
In deference to the zealous argument and detailed brief of counsel for defendants-appellants before this court, we have carefully considered his specifications of error urged against the conclusions of the district court to the effect that Roberts was negligent, which negligence was the proximate cause of the accident, and in the finding that plaintiff was not guilty of negligence, and, alternatively, of contributory negligence.
In support of the above asserted errors counsel has diligently called the attention of this court to certain apparent discrepancies between the allegations of plaintiff’s petition, his testimony on discovery deposition and his testimony on trial. It suffices to say we find none of these asserted discrepancies to be material.
Counsel further relies upon the fact that the investigating State Trooper filed, some days after the accident, an amended report which is at variance with his original accident report. Again, we observe that we have found nothing in this contention which has substantial bearing upon, or adversely affects, the conclusion reached by the trial judge and concurred in by this court.
*502 Finally, counsel for defendants contends that the quantum of damages awarded plaintiff for personal injuries should be substantially reduced. The aged plaintiff was thrown from his car to the roadway, was in a dazed or semi-conscious state for a number of hours, sustained fractures of two ribs and a fracture with separation of bone fragments of the right patella, which latter injury required operative procedure; was bed-ridden for some three months, more or less, thereafter, for a number of months was able to walk only with the aid of crutches, and at the time of trial, some fourteen months following the accident, continued to suffer disability of the right leg, which the medical experts estimated as being permanent and fixed at about fifteen percent.
Considering the serious nature of the above injuries and the attendant pain and suffering over an extensive period of time, 'we cannot conclude that the award is excessive.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.